## BUCKLEY v. ZIMMERMAN et al.

### (Supreme Court, Appellate Term.   June 28, 1900.)

1. PLEADING AND PROOF—VARIANCE.
        A complaint charging defendant as a principal debtor in an action for
    use of a hod elevator is not supported by proof that the elevator was
    rented to a contractor employed by defendant, and that defendant prom-
    ised to keep enough out of the amount due the contractor to pay the rent
    of the elevator.

2. CONTRACT—WANT OF CONSIDERATION.
        Where defendant's promise to retain enough out of the money due a
    contractor employed by him to pay for the use of a hod elevator rented
    by the contractor is unsupported by any consideration, plaintiff cannot
    enforce it.

3. SAME—STATUTE OF FRAUDS—PLEADING.
        Where defendant is sued for the use of a steam hod elevator rented to a
    contractor employed by defendant, and defendant orally promised to re-
    tain enough from the amount due the contractor to pay the rent, it is not
    necessary that defendant should plead the statute of frauds; he being
    sued as a principal debtor, and not on his promise to answer for the
    debt of another.

Appeal from municipal court, borough of Manhattan, Tenth district.

Action by James J. Buckley against Joseph Zimmerman and Albert
Saxe.   From a judgment in favor of plaintiff, defendants appeal.
Reversed.

Argued before TRUAX, P. J., and SCOTT and DUGRO, JJ.

Martin Saxe, for appellants.

Fitzgerald & Stokes, for respondent.

PER CURIAM. The complaint is for the use of a steam hod elevator. There is no evidence that shows or tends to show that the defendant Albert Saxe ever hired a hod elevator from plaintiff. It is true that one of the plaintiff's witnesses testified that the defendant Saxe promised that he would keep from Zimmerman (the person to whom plaintiff had rented the hod elevator), out of his contract and out of his extras, sufficient to pay plaintiff's bill; but the original indebtedness was Zimmerman's, and, even if the action had been brought on the theory that the defendant Saxe had promised to pay the debt of another, there being no consideration for such promise, plaintiff cannot recover. It was not necessary for defendant to plead the statute of frauds, because the complaint against him was not on his promise to pay the debt of another.

Judgment is reversed, and a new trial ordered in the municipal court for the Tenth district, with costs to the defendant Saxe to abide the event.